**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOHNATHAN C. HILL**                                                                    **PLAINTIFF**

                                                                                          **NO. 3:19cv76-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                          **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held July 13, 2020, the Court finds the ALJ either applied an incorrect severity standard at step two of the sequential evaluation process or misapplied the correct standard; failed to properly consider all the evidence related to the claimant's migraines/headaches and develop the record regarding this impairment; and failed to fully and fairly develop the record regarding the claimant's mental impairment. Ultimately, the ALJ's legal errors require remand.

Specifically, the ALJ found the claimant's migraines/headaches were non-severe because "the medical evidence fail[ed] to demonstrate that [this] condition more than minimally affect[ed] the claimant's ability to perform basic work activities." However, the Fifth Circuit has clarified that "an impairment is severe if it is anything more than a 'slight abnormality' that 'would not be expected to interfere' with a claimant's ability to work" and that the claimant is only required "to make a *de minimis* showing." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th

Cir. 2018). Here, though the record is replete with visits for treatment for chronic headaches, and the claimant had ER visits for headaches and had been prescribed several medications, the ALJ found "the record contains little evidence of chronicity or treatment." Furthermore, the ALJ erroneously rejected the "environmental and visual limitations caused by photophobia related to migraines" assigned by the consultative examiner, Dr. Barry Siegel. The ALJ found, among other things, the "limitations" were based on subjective allegations and a note that predated the claimant's onset date and did not assist in determining actual functional limitations. Again, the ALJ failed to consider substantial medical evidence—generated during the relevant period—supportive of the limitations assigned by Dr. Siegel and failed to fairly develop the record before dismissing Dr. Siegel's opinion, e.g., by re-contacting him for any necessary clarification of his opinion.

The ALJ likewise erroneously concluded the claimant's mental impairment was non-severe. In December 2017, the claimant's psychiatrist diagnosed major depressive disorder with psychotic features and prescribed a new trial of medication. The ALJ found the claimant had only visited his psychiatrist on two occasions; the claimant had some normal mental status findings despite some abnormal findings; and there was "no [further] mental health treatment from an acceptable medical source." The ALJ gave no consideration to the opinions and notes of the claimant's mental health therapists and rejected an October 2017 RFC assessment completed by the claimant's psychiatrist that, among other things, indicated the claimant would have a poor ability to deal with work stresses, maintain attention and concentration, and demonstrate reliability. Nevertheless, without fully developing the record, the ALJ found there was *no* evidence in the record that the claimant had mental functional limitations.[1]

---

[1] In *Salmond, supra,* the Fifth Circuit cited with approval the Third Circuit's observation in *Morales v. Apfel*, 225

On remand, the ALJ shall reconsider all the evidence in the record related to the claimant's migraine/headache impairment including but not limited to the 2018 records presented to the Appeals Council.   If necessary, the ALJ must recontact Dr. Barry Siegel, M.D., for further explanation of his opinion; seek a medical source statement from the claimant's treaters regarding functional limitations associated with his migraines/headaches; and/or obtain an updated RFC assessment from state agency medical consultants regarding limitations associated with the claimants migraines/headaches.   The ALJ must also fully develop the record regarding the claimant's mental impairment.   Accordingly, if necessary, the ALJ must order a mental consultative examination, obtain supplemental hearing testimony from the claimant, and/or enlist the assistance of a medical advisor.   Ultimately, the ALJ must issue a new decision based on all the evidence and may conduct any additional proceedings that are not inconsistent with this decision.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 14th day of July, 2020.

/s/ Jane M. Virden_____
U.S. MAGISTRATE JUDGE

---

F.3d 310, 319 (3d Cir. 2000), that "[t]he principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially profound in a case involving a mental disability."   892 F.3d at 818.   Moreover, the ALJ's error here is particularly significant because if the claimant was suffering from a significant degree of depression, the ALJ may not have been permitted to rely solely on the Grid Rules in determining the claimant was not disabled.   *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) ("If . . . the claimant suffers from non-exertional impairments, or a combination of exertional and non-exertional impairments, then the Commissioner must rely on a vocational expert to establish [jobs in the national economy that the plaintiff can perform.]") (citation omitted).